Judge Underwood,
delivered the opinion of the court.
Kikcmd filed his bill against the Smiths, and Meridith and Elliott, charging that in 1796, he corn veyed to the said Smiths, of Baltimore, in the state of Maryland, 64,404 1-2 acres of land, for which they agreed to pay'him the sum of £1510 2s. 5.7. He-alleged, that there was a balance due him of $>1055, besides interest, which the Smiths had failed to pay; that they had become insolvent; that he took no personal security for the purchase money; that he retained a lien on the land, and .therefore, prayed, that it might be subjected to the payment of the said balance. The. bill states, that a moiety of the land, as the complainant was informed and believed had been conveyed to Mer-. iditfr and Elliott by the"Smiths, or one of them, but that the conveyance to them was fraudulent, with a view to cheat creditors. The deed executed by the complainant to the Smiths was exhibited, from which it appears, that the consideration was, as stated in the bill, £1510 2s. 57. to Kincaid in hand paid, the receipt of which is acknowledged in the deed.
The count states moreover, that the Smiths agreed to pay the said £1510 2s. 5.7. by discharging bills, which he was authorized to draw on them payable in the city of Baltimore. The answers of the defendants were tiled; the Smiths deny that there is a cent of the purchase money in arrear. They insist that it was all settled and paid in 1796, and they rely on the acknowledgment of the fact in the deed. They say that £154 15s. 6d. or thereabouts, were deducted from the purchase money, on accpunt of taxes due on the land by the consent and agreement of the complainant. They deny that the complainant was authorized to draw bills on them. Robert Smith denies that he ever was insolvent; Samuel Smith only denies, that he has been declared insolvent. Meridith and Elliott, say the , whole lands have been conveyed to them in trust, without fraud. It seems from an agreement signed by the áttorhies of the parties, that Kincaid held an obligation *240 on the Smiths, dated in 1795, binding them to pay for the land by the acre. No reason is assignsd for not filing this obligation. The court ultimately decreed against the defendants for £154 15s. td. with interest, and subjected the land to the payment thereof.
Lapse of ?0 years, after ' execution of a deed ‘acknowledging the receipt in full of the purchase money,’ will bar recovery ; unless the delay be satisfactorily accounted for
Non residence which was known at the time of tl e contract, not sufficient excuse.
, Wicklijje and Wooley for plaintiffs; Denny for defendant.'
We deem it useless to note minu'ely all the proceedings of the court, which a;e considered enoneous, became, fiom the allegations, denials, exhibit and pioof alieady referried to, we are of opinion, that the bill ought to be dismissed at the costs of the complainant. Moie than thirty years had elapsed af erthe complainant, by his deed, had acknowledged the receipt of full satisfact'on and payment for the land, befo 'e he filed his bill, charging a balance in an ear. He states he was to be paid by drawing bills, which wrere to be dischar gee by the Smiths in BaLimore. If this was true, why did he not draw bills for the amount due him? If he did draw them, and they were not honored, why did l.e not take steps to inforce his equitable lien on the land before 1826? The non-residence of the Smiths cannot excuse him, because he knew wheie they resided at the time he made the contract with them, as is shown by his own deed. If his demand against them was evidenced by a written obligation, why not exhibit it? Without pretending to account for this great delay, the complainant files his bill. The lapse of lime, the statements in the deed, and all the circumstances exhibited, tend to produce a conviction in our minds, that the debt has been settled and paid. Indeed it is irresistible. Less than twenty years has at law been taken for conclusive evidence of payment, whe: e the delay is not saf sfactorily accounted for. We think thirty years should bar the complainant. Wherefore, the decree is reversed, and the cause remanded with directions to dismiss the bill. The appellants must recover costs in this court.